## BERING v EASTERN MACHINERY CO

Ohio Appeals, 1st Dist, Hamilton Co
No. 3816. Decided April 13, 1931

Hoffman & Burke, Cincinnati, for Bering.
Leslie, Herman & Ritchie, Cincinnati, for Eastern Machinery Co.

WEYGANDT, J (8th Dist), sitting in place of ROSS, PJ.

HAMILTON, J.

It will be noted the plaintiff seeks to force the execution of a writen lease based on an oral agreement, under which it is claimed possession was given to the premises in question and accepted by the defendant. Any such oral agreement must be found in the allegations of the third paragraph of the petition. The allegations contained therein are, that the plaintiff agreed to lease to the defendant the said premises for a term of three (3) years from July 2nd, for a total consideration of Twenty-four Hundred ($2400.00) Dollars, provided that all repairs were to be made by the defendant, with the exception of the roof, and no portion to be sub-let without the consent of the plaintiff." Nowhere is it alleged that this agreement to lease was ever accepted by the defendant. There is no allegation that the minds of the parties ever met in a contract of lease. The petition, therefore, does not state a cause of

action.

Moreover, the evidence fails to support the claimed contract, set forth in the petition. The pertinent evidence on the proposition, as shown in the bill of exceptions is as follows:

"Q. Mr. Bering, what negotiations have you had in 1927 with the officers of the Eastern Machinery Company?

A. We were located then at 410 and this machinery company was at 408, next door, we were neighbors in fact, and you see I went over there back and forth at different times. After the United Radio Company moved out.

THE COURT: Is that at 410?

A. The Radio Company was, and then the property was vacant. Then I dropped in quite often and talked and got pretty well acquainted with them, and in that time I said to them: "Rent my place next door" to them.

Q. What did they say? A. He said they had quite a number of buildings there they are trying to consider, they had a building that had a crane, and wanted to get in a building something like that and get their stuff altogether. At that time they did not consider it. We talked about it and he told me he had a place in view and were looking at. I went in a week or ten days after and asked how he got along, and he said: "They were asking too much for the one that had a crane in and would not consider it." I went in a time after, the secretary was sitting there and the manager, I said: "Why didn't you rent my property, it is convenient" when he found he could not get this. He dropped it after they could not get the amount of money they wanted for it. it has a crane and all that. He says: "What do you want for your building?" I said: "You want it for just to store your machinery in there, I says: "I will give it to you for $75.00 a month," he said: "What kind of a lease will you give me?" I said: "Five years," he said: "That sounds all right," and then I left there, and then I had not been there a while. Well, I met my son and got in a conversation with him, I said: "You go to see the attorney, I think they are going to take the property."

Later the defendant moved into the property and occupied the same for about one and one-half years, paying monthly rent.

This evidence in nowise tends to establish the claimed contract alleged in the petition.

The relief prayed for will be denied, and the petition will be dismissed.

WEYGANDT and CUSHING, JJ, concur.